UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 19-20702

v.

Hon. George Caram Steeh

DEWAN OLIVE-ABINOJAR,

    Defendant.

_____/

ORDER DENYING DEFENDANT'S
MOTION FOR REVOCATION OF DETENTION ORDER (ECF NO. 24)

Defendant Dewan Olive-Abinojar has filed a motion for revocation of detention order. Defendant seeks release to home detention with a tether due to his risk of complications from COVID-19 because of his asthma and the recent outbreak at Milan Detention Center, where he is currently housed. Pursuant to Administrative Order 20-AO-024, the court resolves the motion on the papers submitted.

I

Defendant was charged in a federal complaint, and later indicted by the grand jury, with possessing a firearm as a felon, possessing 15 unauthorized or counterfeit credit cards, and possessing one illegal credit card encoder. At the time these charges were brought, Defendant had just

completed serving a year in state prison for probation violations and other offenses. A detention hearing was held before Magistrate Judge Majzoub on October 9, 2019, at which time Defendant was ordered detained pending trial.

Defendant argues that he should be released from detention because public health experts agree that COVID-19 poses a particular risk to pretrial detainees and to Defendant because of his asthma. In addition, Defendant argues that his prior convictions occurred while he was struggling with drug abuse. Defendant contends that these issues can be addressed on pretrial supervision through strict drug treatment and monitoring. A psychologist who reviewed Defendant's criminal history and medical records concluded that Defendant is a good candidate for treatment in the community as opposed to a custodial setting. Defendant argues that release is appropriate given the availability of GPS tethering and the fact that his mother has agreed to act as a third-party custodian. Finally, defendant maintains that he should be released to enable in-person access to counsel.

II

Under the Bail Reform Act, 18 U.S.C. § 3142, this Court must find whether conditions exist that could "reasonably assure" the defendant's

appearance and the safety of the community.  The court is to consider the factors listed in § 3142(g), which are the same factors previously considered by Judge Majzoub.  *See United States v. Nero*, 2020 WL 1672656 at *2 (E.D. Mich. Apr. 6, 2020).

During the detention hearing in October, 2019, Judge Majzoub concluded that Defendant posed a danger to the community, based upon the nature of his offense and the weight of the evidence against him; his lengthy criminal history; his participation in criminal activity while on probation, parole, or supervision; his history of violence or use of weapons; his history of substance abuse; and his lack of stable employment.  Judge Majzoub further concluded that Defendant was a flight risk "based upon his conduct during the arrest for the instant offense, his substance abuse history, his criminal activities while under supervision, his lack of employment, his criminal history and his status as an absconder from probation previously."  (ECF No. 8, Detention Order).

In reviewing the relevant factors, this court concludes that the charges in this case are serious.  Defendant's apprehension came after he had brazenly fled from police twice before in recent weeks, first by speeding away at night without headlights and then crashing through

stationary traffic, damaging nine cars. The nature and circumstances of the offense weighs heavily in favor of detention.

Next, the weight of the evidence against Defendant in terms of dangerousness also favors detention.  He has had constant contact with law enforcement and the judicial system, none of which appears to have provided any deterrence.   He has also had multiple chances at probation and failed them all.  Furthermore, Defendant repeatedly demonstrated that he is a serious risk for flight by repeatedly and recklessly evading the police in his car, putting the public in danger.

Defendant's criminal history includes seven felonies involving destruction of property, fraud, weapons possession and assault with a dangerous weapon.  Many of these crimes occurred while defendant was on probation.  Defendant blames much of his troubles on drug addiction, but the court concurs with pretrial services and Judge Majzoub that his history of substance abuse only makes him a greater risk for release.

The bond conditions proposed by Defendant include having his mother serve as a third-party custodian.  However, this was rejected at the initial detention hearing in large part because Defendants' past criminal activity, as well as his substance abuse, took place while he was living with his mother.  Moreover, while proposed conditions like drug testing, drug

treatment, and mental-health treatment may have been commonplace a few months ago, they are not feasible in a robust way in the current supervision environment, where officers are maintaining a 6-foot distance. Supervision resources in general are stretched thin at this time.

The court finds, by clear and convincing evidence, that Defendant poses a danger to the community.  He has a well-documented history of failing to comply with the most basic conditions of probation and parole, that he not commit any additional crimes.  The court concludes there are no conditions or set of conditions of release that can adequately protect the community and the risk of nonappearance.

### III

Defendant argues that the COVID-19 pandemic, and the fact that his asthma may increase his risk of complications, are factors that justify his release prior to trial.  The court recognizes that COVID-19 poses a serious threat to all members of our community.  Incarcerated persons are subject to increased risks, as are persons with certain underlying medical conditions.  Defendant's generalized concern about contracting COVID-19 in prison is not an exceptional reason for his release pending trial.[1]  "While

---

[1] In determining whether the COVID-19 pandemic creates exceptional or compelling reasons justifying pre-trial or post-conviction release, some district courts have considered the following factors:

the generalized risks of COVID-19 cannot be disputed, courts have held that these risks, without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order.'" *Nero*, 2020 WL 1672656 at *2. This is particularly true when a defendant has offered concerns about COVID-19 that are no different than those shared by all detainees. *See United States v. Bell*, 2020 WL 1650330, at *6 (E.D. Mich. Apr. 3, 2020); *see also United States v. Sykes*, 2020 WL 1685463, at *3 (E.D. Mich. Apr. 7, 2020) ("[T]he possibility that [defendant] may become ill with COVID-19 at some future time. . . . does not create an exceptional circumstance" justifying release under the Bail Reform Act).

The Federal Detention Center at Milan, Michigan, where Defendant is currently housed, has instituted several measures to attempt to contain the

---

    (1) the original grounds for the defendant's pretrial detention;

    (2) the nature, seriousness, and specificity of the defendant's stated COVID-19 concerns (e.g., underlying medical conditions, age, etc.);

    (3) the conditions in the facility where the defendant is being held (e.g., social distancing measures, screening protocols for new prisoners, the number of prisoners diagnosed with COVID-19, and availability of appropriate medical treatment);

    (4) whether conditions of release can be imposed to mitigate COVID-19 risks to the defendant and to the community.

*United States v. Johnson*, 2020 WL 1821099, at *3 (E.D. Mich. Apr. 10, 2020).

spread of COVID-19, including the screening and quarantining of new detainees, restriction of visitors, increased sanitation, and screening of employees. See ECF No. 28 at PageID 105-07; https://www.bop.gov/coronavirus (last accessed April 20, 2020).

Releasing Defendant into the community, where he is unlikely to comply with his bond conditions, "poses potential risks to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *Nero*, 2020 WL 1672656, at *4. *See also United States v. Johnson*, 2020 WL 1821099, at *3 (E.D. Mich. Apr. 10, 2020) (factors to consider when determining whether exceptional circumstances exist include "whether conditions of release can be imposed to mitigate COVID-19 risks to the defendant and to the community").

## IV

Finally, Defendant argues that his release is appropriate given the lack of in-person access to counsel caused by the COVID-19 breakout. Defendant and his counsel are unable to view video evidence, which is necessary to prepare for trial. The court first notes that in-person meetings between Defendant and counsel will not be permitted to occur under the

stay at home guidelines in the State of Michigan even if Defendant is released.  Second, the court has granted several adjournments in this case, in part to give the defense additional time to review discovery and to permit good faith plea negotiations to take place.  If requested, the court will consider further adjournments.

The court will continue to monitor the rapidly evolving situation and act with the health and safety of the public and incarcerated individuals in mind, consistent with the Bail Reform Act.  Now, therefore,

IT IS HEREBY ORDERED that Defendant's motion for detention is DENIED.

Dated:  April 21, 2020                    s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 21, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk